In the Matter of the Application of MAX MARCUS, President of Wholesale Candy and Tobacco Salesmen's Union, Local 1439, R. C. I. P. A., Affiliated with the American Federation of Labor, Respondent, for an Order Directing that an Arbitration Proceed between the Said WHOLESALE CANDY AND TOBACCO SALESMEN'S UNION, LOCAL 1439 and BARD & MARGOLIES, INC., Appellant.

First Department, November 4, 1938.

*Samuel Weiss*, for the appellant.

*Victor Rabinowitz* of counsel [*Boudin, Cohn & Glickstein*, attorneys], for the respondent.

PER CURIAM. The contract relied on to compel arbitration was between appellant, Bard & Margolies, Inc., as a member of the Confectionery and Tobacco Jobbers Association, Inc., and the Confectionery and Tobacco Jobbers Employees Union, Local 1175. The petitioner seeking to enforce the arbitration provisions of the contract is not Local 1175, but the Wholesale Candy and Tobacco Salesmen's Union, Local 1439. The conclusory statement in the petition that Local 1175 " was succeeded by " Local 1439 is denied in the answer. Petitioner's replying affidavit merely repeats the conclusion of the petition and annexes what is styled a " certificate " that it was unanimously decided at a meeting of Local 1175, Division B, to sever the connection with Division A of the same local and to apply to the Retail Clerks' International Protective Association for a separate charter under the name of Wholesale Candy and Tobacco Salesmen's Association. It is not even alleged that the application was made and granted, or by what authority.

In this state of facts there is an issue as to whether the petitioner is the successor or assignee of Local 1175, and, accordingly, it was error for the court to grant the petition and compel arbitration.

By demanding a jury trial without reservation, we think appellant waived the objection with respect to the time of notice of motion.

In view of the conclusion reached, it is unnecessary to pass upon the other objections raised. All issues must await trial.

The order appealed from should be reversed, with twenty dollars costs and disbursements to abide the event, and the motion denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements to the appellant to abide the event, and motion denied.